RCVD - USDC - CHAS, SC
2026 OCT 26 PM12:45

**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

JAYMEKE SMITH,
Plaintiff,

v. **Civil Action No.** 2:26-cv-5153-BHH-MGB

TRANS UNION, LLC,
Defendant.

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681e(b), 1681i(a)(1), 1681n, and 1681o**

**JURY TRIAL DEMANDED**

Plaintiff Jaymeke Smith ("Plaintiff"), proceeding pro se, brings this action against Defendant Trans Union, LLC ("TransUnion" or "Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and alleges as follows:

## I. PARTIES

1. Plaintiff Jaymeke Smith is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c).
2. Plaintiff resides at 5607 Blackwell Ave., North Charleston, South Carolina 29406.
3. Defendant Trans Union, LLC is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).
4. Defendant regularly assembles, evaluates, maintains, and furnishes consumer-credit information concerning consumers, including Plaintiff, for the purpose of furnishing consumer reports to third parties.
5. Defendant may be served through its registered agent:

The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Suite 210
Charleston, South Carolina 29492.

## II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law.
7. This Court also has jurisdiction pursuant to 15 U.S.C. § 1681p.
8. Venue is proper in the District of South Carolina because Plaintiff resides within this District and a substantial part of the events and injuries giving rise to Plaintiff's claims occurred within this District.

## III. FACTUAL BACKGROUND

9. Defendant prepared, maintained, and furnished consumer-report information concerning Plaintiff.
10. Plaintiff obtained a TransUnion consumer report dated May 28, 2026. A true and correct copy of the relevant consumer report is attached as Exhibit B.
11. Plaintiff reviewed his TransUnion report and discovered inaccurate derogatory payment-history information concerning several accounts, including Capital One/Kohl's Department Store, Kikoff Inc., multiple MOHELA/Department of Education student-loan tradelines, and Nordstrom/TD Bank USA.
12. The challenged information reported Plaintiff as delinquent during months in which Plaintiff was not late.
13. The challenged reporting also presented the alleged delinquencies in a manner that created a false and materially misleading impression concerning the frequency, recency, duration, progression, and severity of Plaintiff's payment history.
14. On June 2, 2026, Plaintiff mailed Defendant a detailed written Notice of Dispute specifically identifying the accounts and delinquency information he challenged.
15. A true and correct copy of Plaintiff's June 2, 2026 Notice of Dispute is attached as Exhibit A.
16. Plaintiff informed Defendant that he disputed the accuracy of the reported delinquency information and requested that Defendant conduct a reasonable reinvestigation.
17. Plaintiff identified underlying payment, billing, posting, and servicing information relevant to determining whether the reported delinquencies were accurate.
18. Plaintiff's claims are not based upon Defendant having an obligation to provide Plaintiff every account-level document identified in his dispute.
19. Rather, Plaintiff identified those records because they were relevant to determining whether the specific delinquency information Defendant was reporting was accurate.
20. Defendant received Plaintiff's dispute, as evidenced by the certified-mail green return receipt attached as Exhibit C.
21. Defendant subsequently completed a reinvestigation and provided Plaintiff with reinvestigation results.
22. Despite Plaintiff's specific dispute that he was not late during the challenged months, the disputed derogatory information was not corrected or deleted.
23. Plaintiff alleges that Defendant's reinvestigation was unreasonable because it failed to resolve the specific factual inaccuracies Plaintiff identified concerning whether he was actually delinquent during the months and to the extent reported.

## IV. SPECIFIC INACCURATE AND MATERIALLY MISLEADING REPORTING

### A. CAPITAL ONE / KOHL'S DEPARTMENT STORE

Account No. ending 1678

24. Defendant reported derogatory payment-history information concerning Plaintiff's Capital One/Kohl's Department Store account.
25. Defendant reported Plaintiff as 30 days delinquent in March 2025 and 60 days delinquent in April 2025.
26. Plaintiff was not 30 days late in March 2025 and was not 60 days late in April 2025.
27. Defendant's reporting of those delinquency classifications was therefore inaccurate.
28. Defendant's manner of reporting the inaccurate information also created a materially misleading impression concerning Plaintiff's payment history.
29. By reporting Plaintiff as progressing from current status to 30 days delinquent and thereafter to 60 days delinquent, Defendant represented that Plaintiff failed to make a required payment and then allowed the same delinquency to continue and become more severe during the following billing period.
30. That progression created the false impression that Plaintiff experienced a continuing and worsening delinquency when Plaintiff was not late during the challenged months.
31. The reporting therefore falsely portrayed Plaintiff as having recently failed to satisfy his contractual payment obligations and as presenting a greater credit risk than his actual payment history warranted.
32. Plaintiff specifically disputed the March and April 2025 delinquency information with Defendant.
33. Plaintiff identified the payment history, billing statements, payment due dates, payment-receipt information, and payment-posting information as records relevant to determining whether the reported delinquencies were accurate.
34. Plaintiff requested that Defendant conduct a reasonable reinvestigation of the disputed information.
35. Following its reinvestigation, Defendant failed to correct or delete the challenged delinquency information.

### B. KIKOFF INC.

Account No. CLKYOS

36. Defendant reported Plaintiff as 30 days late in March 2026, 60 days late in April 2026, and 90 days late in May 2026.
37. Defendant's report reflected approximately $29 past due in March 2026, approximately $65 past due in April 2026, and approximately $114 past due in May 2026.
38. Plaintiff was not 30 days late in March 2026, was not 60 days late in April 2026, and was not 90 days late in May 2026.
39. Defendant's reporting of those delinquencies was therefore inaccurate.

40. Defendant's manner of reporting the inaccurate information also created a false and materially misleading impression.
41. By reporting Plaintiff as progressing from 30 days delinquent, to 60 days delinquent, and ultimately to 90 days delinquent over three consecutive months, Defendant represented that Plaintiff continuously failed to cure an existing payment default and instead allowed the obligation to become increasingly delinquent.
42. The reporting therefore created the false impression of a recent, continuous, and progressively worsening delinquency.
43. The reported progression falsely portrayed Plaintiff as repeatedly failing to make required payments and experiencing an increasing inability or unwillingness to satisfy his credit obligations.
44. This false impression was material because a creditor reviewing the report could reasonably interpret the 30-to-60-to-90-day progression as evidence of recent and worsening payment problems.
45. Plaintiff specifically disputed the March, April, and May 2026 delinquency information with Defendant.
46. Plaintiff identified the underlying billing history, payment obligations, payment receipts, payment-posting dates, and complete payment history as information relevant to determining whether those reported delinquencies were accurate.
47. Plaintiff requested that Defendant reasonably reinvestigate the disputed information.
48. Following its reinvestigation, Defendant failed to correct or delete the challenged delinquency information.

## C. MOHELA / DEPARTMENT OF EDUCATION

49. Defendant reported multiple MOHELA/Department of Education student-loan tradelines concerning Plaintiff, including:

a. 22622673581E0012013092324;
b. 22622673581E0022013092324;
c. 22622673581E0032014102824;
d. 22622673581E0042014102824;
e. 22622673581E0052015090224;
f. 22622673581E0062015090224;
g. 22622673581E0072016092824;
h. 22622673581E0082016092824;
i. 22622673581E0092017090624;
j. 22622673581E0102017090624;
k. 22622673581E0112018082924; and
l. 22622673581E0122018082924.

50. Defendant reported severe historical delinquency information across these student-loan tradelines.

51. The disputed tradelines generally reflected Plaintiff as 90 days delinquent during January and February 2025 and 120-or-more days delinquent during approximately March through September 2025.
52. Plaintiff was not 90 days delinquent during January or February 2025 and was not 120-or-more days delinquent during the challenged months from approximately March through September 2025.
53. Defendant's reporting of those delinquency classifications was therefore inaccurate.
54. Defendant's manner of displaying the inaccurate delinquency information across numerous separate MOHELA/Department of Education tradelines also created a materially misleading impression concerning Plaintiff's overall credit history.
55. By displaying severe delinquency information across numerous student-loan tradelines, Defendant created the impression that Plaintiff had numerous separate seriously delinquent credit obligations.
56. The repeated derogatory reporting made Plaintiff's payment problems appear more numerous and severe because a prospective creditor reviewing the report was presented with multiple tradelines reflecting severe delinquency classifications.
57. Plaintiff did not have the severe delinquencies Defendant attributed to him during the challenged months.
58. Accordingly, the reporting created a false and materially exaggerated impression concerning the number, frequency, duration, and severity of Plaintiff's delinquencies.
59. The inaccurate reporting was capable of causing a creditor to perceive Plaintiff as presenting a substantially greater credit risk than his actual payment history warranted.
60. Plaintiff specifically disputed the MOHELA delinquency information with Defendant.
61. Plaintiff identified the underlying servicing records, payment histories, repayment-plan information, deferment information, forbearance information, administrative adjustments, servicing-transfer information, payment-pause information, payment-application records, and account notes as information relevant to determining the accuracy of the challenged delinquency classifications.
62. Plaintiff requested that Defendant conduct a reasonable reinvestigation of the disputed information.
63. Following its reinvestigation, Defendant failed to correct or delete the challenged delinquency information.

## D. NORDSTROM / TD BANK USA

Account No. ending 0851

64. Defendant reported Plaintiff's Nordstrom/TD Bank USA revolving account with a balance of approximately $1,486 and a pay status indicating that the account was 120 days past due.
65. Plaintiff was not 120 days past due as reported by Defendant.
66. Defendant's reporting of Plaintiff as 120 days delinquent was therefore inaccurate.
67. The manner in which Defendant reported the inaccurate information also created a false and materially misleading impression.

68. Reporting an account as 120 days past due communicates that a consumer failed to satisfy required payment obligations for an extended period and allowed the account to reach a severe level of delinquency.
69. Defendant's reporting therefore created the false impression that Plaintiff had failed to satisfy the Nordstrom/TD Bank obligation for approximately four or more billing periods and was experiencing a serious and continuing payment default.
70. This portrayal did not accurately reflect Plaintiff's actual payment history.
71. The inaccurate reporting therefore made Plaintiff appear to present a greater credit risk than his actual payment history warranted.
72. Plaintiff specifically disputed the 120-day delinquency with Defendant.
73. Plaintiff identified the current account status, past-due amount, payment history, billing records, and payment-posting information as information relevant to determining whether the reported delinquency was accurate.
74. Plaintiff requested that Defendant conduct a reasonable reinvestigation of the disputed information.
75. Following its reinvestigation, Defendant failed to correct or delete the challenged delinquency information.

## V. PLAINTIFF'S DIRECT DISPUTE AND UNREASONABLE REINVESTIGATION

76. On June 2, 2026, Plaintiff directly notified Defendant that the foregoing delinquency information was inaccurate.
77. Plaintiff identified the specific accounts and specific delinquency information being challenged.
78. Plaintiff informed Defendant that the challenged delinquency information did not accurately reflect his actual payment history.
79. Plaintiff's dispute provided Defendant sufficient information to understand that Plaintiff was challenging whether he was actually late during the months and to the extent reported.
80. Plaintiff also identified categories of underlying payment and servicing information relevant to determining the accuracy of those delinquency classifications.
81. Defendant received Plaintiff's dispute.
82. Defendant thereafter conducted a reinvestigation and provided Plaintiff with reinvestigation results.
83. The fact that Defendant provided reinvestigation results does not resolve whether the reinvestigation itself was reasonable.
84. Plaintiff alleges that Defendant's reinvestigation failed to reasonably determine whether Plaintiff was actually delinquent during the specific months and to the extent Defendant reported.
85. Despite Plaintiff's specific factual disputes, Defendant failed to correct or delete the challenged delinquency information.
86. Plaintiff alleges that a reasonable reinvestigation into the specific payment and servicing issues identified in his dispute would have revealed that Plaintiff was not delinquent during the challenged months to the extent reported.

87. Defendant nevertheless continued maintaining and/or reporting the challenged derogatory information.
88. As a result, the inaccurate information continued to portray Plaintiff as having recent, severe, repeated, and progressively worsening delinquencies that Plaintiff did not actually have.

## VI. FALSE IMPRESSION AND MATERIAL MISLEADINGNESS

89. The inaccuracies alleged in this Complaint are not merely technical or immaterial discrepancies.
90. Defendant reported Plaintiff as late during months in which Plaintiff was not late.
91. Defendant further presented the inaccurate information in a manner that portrayed Plaintiff as having repeated, severe, recent, and progressively worsening delinquencies.
92. The Capital One/Kohl's reporting created the false impression of a delinquency progressing from 30 to 60 days late.
93. The Kikoff reporting created the false impression of a recent delinquency progressing from 30 to 60 to 90 days late over consecutive months.
94. The MOHELA reporting created the false impression of numerous separate student-loan obligations experiencing severe and prolonged delinquency.
95. The Nordstrom/TD Bank reporting created the false impression that Plaintiff was experiencing a serious 120-day payment default.
96. Viewed individually and collectively, the challenged information falsely portrayed Plaintiff as having a substantially more severe pattern of delinquency than his actual payment history warranted.
97. Defendant's reporting therefore created a false impression concerning the number, frequency, recency, duration, progression, and severity of Plaintiff's alleged delinquencies.
98. Those inaccuracies and false impressions were material because delinquency history is capable of affecting a creditor's evaluation of a consumer's creditworthiness and payment risk.
99. Plaintiff alleges that Defendant's reporting was both factually inaccurate and materially misleading.

## VII. AMERICAN EXPRESS ADVERSE ACTION AND DAMAGES

100. Plaintiff applied for an American Express Gold Card with American Express National Bank.
101. On June 11, 2026, American Express notified Plaintiff that it could not approve his application.
102. A true and correct copy of the American Express adverse-action notice is attached as Exhibit D.
103. American Express stated that Plaintiff's FICO score was 558 as of June 6, 2026.
104. The adverse-action notice states that the identified FICO score was obtained from Experian. Plaintiff does not allege that TransUnion furnished the 558 FICO score.

105. American Express separately stated that it obtained information from one or more consumer reporting agencies for use in making its credit decision.
106. The adverse-action notice identifies both Experian and TransUnion Consumer Relations in connection with the consumer-report information.
107. American Express identified multiple factors negatively affecting Plaintiff's credit profile, including that the time since Plaintiff's latest reported delinquency was too recent or unknown.
108. That stated factor corresponds to the type of inaccurate delinquency information Plaintiff alleges TransUnion reported concerning him.
109. Plaintiff's TransUnion report contained recent and severe delinquency information, including 30-, 60-, 90-, and 120-day delinquency classifications that Plaintiff alleges were inaccurate.
110. Plaintiff alleges that TransUnion furnished consumer-report information concerning Plaintiff in connection with the American Express credit transaction.
111. Plaintiff does not allege that TransUnion was the sole cause of American Express's denial or that TransUnion furnished the 558 FICO score.
112. Rather, Plaintiff alleges that Defendant communicated inaccurate and materially misleading delinquency information concerning Plaintiff in connection with an actual credit transaction.
113. Plaintiff suffered an actual denial of credit.
114. The adverse-action notice's express reference to the recency of Plaintiff's reported delinquency demonstrates the materiality of the type of inaccurate information challenged by Plaintiff.
115. Plaintiff suffered concrete harm, including denial of credit, loss of a credit opportunity, frustration, inconvenience, and time spent attempting to correct the inaccurate information.

## COUNT I

## VIOLATION OF 15 U.S.C. § 1681e(b)

## Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

116. Plaintiff incorporates Paragraphs 1 through 115 as though fully set forth herein.
117. Section 1681e(b) requires a consumer reporting agency, whenever preparing a consumer report, to follow reasonable procedures to assure maximum possible accuracy of information concerning the consumer.
118. Defendant prepared and furnished consumer reports concerning Plaintiff.
119. Those reports contained inaccurate information concerning Plaintiff's payment history.
120. Specifically, Defendant reported Plaintiff as delinquent during months in which Plaintiff was not late.

121. Defendant's reporting was also materially misleading because it created false impressions of recent, repeated, prolonged, severe, and progressively worsening delinquencies.
122. These inaccuracies were material and capable of adversely affecting a creditor's evaluation of Plaintiff's creditworthiness.
123. Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information it prepared and furnished concerning Plaintiff.
124. Defendant's inaccurate and materially misleading information was communicated in connection with an actual credit transaction involving Plaintiff.
125. Plaintiff suffered concrete harm, including an actual denial of credit and loss of a credit opportunity.
126. Defendant's conduct directly and proximately caused Plaintiff damages.
127. Defendant's conduct constitutes negligent noncompliance with the FCRA within the meaning of 15 U.S.C. § 1681o.
128. To the extent established through discovery and evidence, Defendant's conduct constitutes willful noncompliance within the meaning of 15 U.S.C. § 1681n.

## COUNT II

## VIOLATION OF 15 U.S.C. § 1681i(a)(1)

### Failure to Conduct a Reasonable Reinvestigation

129. Plaintiff incorporates Paragraphs 1 through 128 as though fully set forth herein.
130. Plaintiff directly disputed the inaccurate delinquency information with Defendant on June 2, 2026.
131. Plaintiff identified the accounts, delinquency periods, and nature of the inaccuracies being challenged.
132. Plaintiff informed Defendant that he was not late during the challenged months and that the reported delinquency information did not accurately reflect his payment history.
133. Defendant received Plaintiff's dispute.
134. Section 1681i(a)(1) required Defendant to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate.
135. Plaintiff's dispute gave Defendant sufficient information to investigate whether Plaintiff was actually delinquent during the specific months and to the extent reported.
136. Defendant completed a reinvestigation and provided Plaintiff with the results.
137. Plaintiff does not base this claim on Defendant's failure to provide reinvestigation results.
138. Rather, Plaintiff alleges that the reinvestigation Defendant actually conducted was unreasonable and failed to resolve the specific factual inaccuracies Plaintiff identified.
139. A reasonable reinvestigation would have addressed whether Plaintiff was actually delinquent during the challenged months by reasonably examining and evaluating the relevant information concerning the disputed payment histories.

140. Plaintiff alleges that a reasonable reinvestigation would have revealed that Plaintiff was not delinquent during the challenged months to the extent Defendant reported.
141. Defendant nevertheless failed to correct or delete the inaccurate delinquency information.
142. Defendant continued maintaining and/or reporting information that falsely portrayed Plaintiff as having recent, repeated, severe, and progressively worsening delinquencies.
143. Defendant's inaccurate information was furnished in connection with an actual credit transaction involving Plaintiff.
144. Plaintiff suffered concrete harm, including denial of credit, loss of a credit opportunity, frustration, inconvenience, and time spent attempting to correct the inaccurate information.
145. Defendant's failure to conduct a reasonable reinvestigation directly and proximately caused Plaintiff damages.
146. Defendant's conduct constitutes negligent noncompliance under 15 U.S.C. § 1681o.
147. To the extent established through discovery and evidence, Defendant's conduct constitutes willful noncompliance under 15 U.S.C. § 1681n.

## VIII. DAMAGES

148. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual and concrete injuries.
149. Plaintiff's inaccurate and materially misleading credit information was communicated to a third party in connection with an actual credit transaction.
150. Plaintiff suffered an actual denial of credit.
151. Plaintiff also suffered loss of a credit opportunity, injury to his credit reputation, frustration, inconvenience, and expenditure of time attempting to investigate, dispute, and correct the inaccurate information.
152. Plaintiff seeks actual damages resulting from Defendant's negligent and/or willful noncompliance with the FCRA.
153. To the extent Defendant's violations are determined to have been willful, Plaintiff also seeks statutory and punitive damages as permitted by 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant and that the Court award:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B. Statutory damages as permitted under 15 U.S.C. § 1681n;

C. Punitive damages to the extent permitted under 15 U.S.C. § 1681n and supported by the evidence;

D. Costs of this action as permitted by law;

E. Prejudgment and post-judgment interest as permitted by law; and

F. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Jaymeke Smith, Pro Se
5607 Blackwell Ave.
North Charleston, SC 29406

10/26/2026

Jaymeke Smith

email: JaymekeJSmith@gmail.com
Jaymeke2@gmail.com